UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**E.J. FARMER,**

    **Plaintiff,**

                                    **CASE NO.:**

v.

**ASM BEALL ENTERPRISES, INC.**
**d/b/a CHAD BEALL REMODELING,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, E.J. FARMER, by and through undersigned counsel, brings this action against Defendant, ASM BEALL ENTERPRISES, INC. d/b/a CHAD BEALL REMODELING, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*, and the Florida Workers' Compensation Law ("FWCL"), Fla. Stat. § 440.205.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12101 *et seq.* This Court also has pendent jurisdiction over the state law claims.

3. Venue is proper in this District, because all of the events giving rise to these claims occurred in Hillsborough County, which is in this District.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant is located in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the ADA, the FCRA, and the FWCL.

7. At all times material hereto, Defendant employed fifteen (15) of more employees. Thus, Defendants are an "employer" within the meaning of the ADA and the FCRA.

8. At all times material hereto, Defendant was an "employer" within the meaning of the FWCL, Fla. Stat. § 440.02(16).

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff was employed by Defendant from on or around January 2023, until on or around April 9, 2024.

13. Plaintiff was a qualified individual with a disability or who was perceived as being disabled.

14. Specifically, on or around December 8, 2023, Plaintiff sustained a workplace injury, resulting in three cracked ribs, a bruised lung, water in his hip, and a shoulder injury.

15. These physical impairments substantially limited one or more major life activities, or caused Plaintiff to be perceived by others as having a disability.

16. Plaintiff informed Defendant of his workplace injury and immediately sought medical care.

17. Under the FWCL, Plaintiff had a valid claim for benefits for the injury that he had sustained at work.

18. In the alternative, Plaintiff reasonably believed that he had a valid claim under the FWCL.

19. By attempting to pursue his right to file a valid Workers' Compensation claim, Plaintiff engaged in protected activity under the FWCL.

20. Specifically, Plaintiff pursued a claim for Workers' Compensation benefits.

21. Plaintiff was admitted to the hospital for twenty-four hours, due to his workplace injury.

22. During this time, Plaintiff maintained communication with Defendant regarding his hospital visit and subsequent discharge.

23. Soon thereafter, Plaintiff's doctor informed Plaintiff that Plaintiff was in need of a brief medical leave of absence from work, followed by light duty upon his return, due to his disabilities.

24. Accordingly, Plaintiff required and requested from Defendant the reasonable accommodation of a brief and defined medical leave of absence.

25. However, Defendant forced Plaintiff to remain on a medical leave of absence until Plaintiff required no light duty restrictions.

26. Defendant entirely failed to engage in the interactive process with Plaintiff, instead, simply informing Plaintiff that Defendant had no light duty work for Plaintiff.

27. On or around April 1, 2024, Plaintiff was able to return to work with no restrictions.

28. However, shortly thereafter, on or around April 9, 2024, Defendant terminated Plaintiff's employment, based on his disability, and in retaliation for Plaintiff having engaged in protected activity under the FWCL, the ADA, and the FCRA.

## **COUNT I – ADA VIOLATION**
## **(DISABILITY DISCRIMINATION)**

29. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 16, and 21 through 28 of this Complaint, as though fully set forth herein.

30. Plaintiff is a member of a protected class under the ADA.

31. Plaintiff was subjected to disparate treatment by Defendants on the basis of his disability, including termination of Plaintiff's employment.

32. Defendants' actions were willful and done with malice.

33. Plaintiff was injured due to Defendants' violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter an injunction restraining continued violation of the ADA;

    d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    e) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    g) Any other compensatory damages, including emotional distress, allowable at law;

    h) Punitive damages;

    i) Prejudgment interest on all monetary recovery obtained.

    j) All costs and attorney's fees incurred in prosecuting these claims; and

    k) For such further relief as this Court deems just and equitable.

## **COUNT II – ADA RETALIATION**

34. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 16, and 21 through 28 of this Complaint, as though fully set forth herein.

35. Plaintiff is a member of a protected class under the ADA.

36. Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations.

37. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

38. Defendant's actions were willful and done with malice.

39. The adverse employment action that Defendants took against Plaintiff was material.

40. Plaintiff was injured due to Defendants' violations of the ADA, for which he is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

   a) A jury trial on all issues so triable;

   b) That process issue and that this Court take jurisdiction over the case;

   c) That this Court enter a declaratory judgment against Defendant, stating that Defendants interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT III – FCRA VIOLATION
### (DISABILITY DISCRIMINATION)

41. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 16, and 21 through 28 of this Complaint, as though fully set forth herein.

42. Plaintiff is a member of a protected class under the FCRA, due to his disability/handicap and/or perceived disability/handicap.

43. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability, including termination of Plaintiff's employment.

44. Defendant's actions were willful and done with malice.

45. Plaintiff was injured due to Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

46. Plaintiff realleges and readopts the allegations paragraphs 1 through 7, 9 through 16, and 21 through 28 of this Complaint, as though fully set forth herein.

47. Plaintiff is a member of a protected class under the FCRA, due to his disability.

48. Plaintiff engaged in protected activity under the FCRA by requesting reasonable accommodations.

49. Defendant retaliated against Plaintiff by terminating his employment.

50. Defendant's actions were willful and done with malice.

51. Defendant took material adverse action against Plaintiff.

52. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

    d) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT V – WORKERS' COMPENSATION RETALIATION

53. Plaintiff realleges and readopts the allegations of paragraphs 1 through 6, 8 through 12, 14 through 23, 25, and 27 through 28 of this Complaint, as though fully set forth herein.

54. Plaintiff engaged in protected activity under the FWCL by filing or attempting to file a valid Workers' Compensation claim for an injury that he suffered at work.

55. Defendants retaliated against Plaintiff for engaging in protected activity under the FWCL by terminating Plaintiff's employment.

56. Plaintiff was injured as a result of Defendants' violations of the FWCL, Fla. Stat. § 440.205.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

  c) That this Court enter a declaratory judgment stating that Defendants retaliated against Plaintiff, in violation of Fla. Stat. § 440.205;

  d) Compensation for lost wages, benefits, and other remuneration;

  e) Compensatory damages, including damages recoverable for emotional distress allowable at law; and

  f) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24th day of December, 2025.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **HANNAH E. DEBELLA**
        Florida Bar Number: 1026002
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: hdebella@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**